### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

IVAN SHORT,                                )
                                           )
            **Plaintiff,**                 )
v.                                         )         **Civil Action No. 1:18-00458**
                                           )
RANDALL MUTTER, *et al.*,                  )
                                           )
            Defendants.                    )

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the following: (1) Defendant Tara Morgan's Motion to Dismiss (Document No. 17), filed on June 15, 2018; (2) Defendants Randall Mutter and Bea Shelton's Motion to Dismiss (Document No. 20), filed on June 21, 2018; and (3) Defendant Commissioner of the West Virginia Division of Corrections ["WVDOC Commissioner"] and Ralph Terry's Motion to Dismiss (Document No. 25), filed on June 22, 2018. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendants' Motions and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendants in moving to dismiss. (Document Nos. 19, 24, 29.) Plaintiff filed his Response in Opposition. (Document Nos. 30 and 34.) Having examined the record and considered the applicable law, the undersigned has concluded that Defendant Morgan's Motion to Dismiss (Document No. 17) should be granted, Defendants Mutter and Shelton's Motion to Dismiss (Document No. 20) should be granted, and Defendants WVDOC Commissioner and Terry's Motion to Dismiss (Document No. 25) should be granted in part and denied in part.

## PROCEDURAL BACKGROUND

On March 19, 2018, Plaintiff filed a document entitled "Petition for Writ of Habeas Corpus Ad Subjicendum Under W. Va. Code § 53-4A-1," which this Court construed as a Complaint claiming entitlement to relief pursuant to 42 U.S.C. § 1983. (Document No. 2.) Specifically, Plaintiff appeared to be claiming that prison staff were providing inadequate dental care in violation of his Eighth Amendment rights. (Id.) Plaintiff stated that he had been experiencing pain in his tooth since December 2016. (Id.) Plaintiff alleged that he had completed several medical request forms to visit a dentist and had filed grievances complaining about the denial of dental care. (Id.) Plaintiff alleged that he had not been provided dental care for his tooth pain despite his requests for dental treatment. (Id.) In the caption of the case, Plaintiff named Warden Terry Mutter as the sole defendant. (Id.) As Exhibits, Plaintiff attached a copy of the following: (1) Plaintiff's Affidavit (Document No. 2-1); and (2) A copy of Plaintiff's grievance (Document No. 2-2.)

By Order entered on May 1, 2018, the undersigned directed Plaintiff to file an Amended Complaint identifying each individual the Plaintiff sought to name as a defendant and setting forth facts supporting his claim against each defendant. (Document No. 4.) On May 29, 2018, Plaintiff filed his Amended Complaint naming the following as Defendants: (1) Randall Mutter, Acting Warden; (2) Ralph Terry, Former Warden; (3) Tara Morgan, Registered Nurse; (4) Bea Shelton, Unit Manager; and (5) Commissioner of West Virginia Division of Corrections. (Document No. 5.) In his Amended Complaint, Plaintiff alleges that the above Defendants were notified of his request for dental care via sick call requests or grievances but they failed to provide adequate treatment. (Id.) Plaintiff alleges that he has been unable to "eat the proper foods depriving [him] of much needed nutrients" and he is unable "to get adequate sleep due to pain." (Id.) As relief, Plaintiff requests compensatory damages. (Id.)

By Order entered on May 30, 2018, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and the Clerk issued process on the same day. (Document Nos. 6 and 7.) On June 15, 2018, Defendant Morgan filed her Motion to Dismiss and Memorandum in Support. (Document Nos. 17 and 18.) In her Motion to Dismiss, Defendant Morgan argues that Plaintiff's claims against her should be dismissed based on the following: (1) Plaintiff's Amended Complaint fails to "set forth a sufficient factual predicate to maintain a deliberate indifference claim" (Document No. 18, pp. 3 – 6.); (2) Plaintiff's allegations "are threadbare recitals of the elements of a cause of action supported by conclusory allegations, and are not entitled to the presumption of truth" (Id., pp. 6 – 7.); and (3) Plaintiff fails to set forth a Section 1983 claim (Id., pp. 7 – 8.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on June 18, 2018, advising him of the right to file a response to Defendant Morgan's Motion to Dismiss. (Document No. 19.)

On June 21, 2018, Defendants Mutter and Shelton filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 20 and 21.) In their Motion to Dismiss, Defendants Mutter and Shelton argue that Plaintiff's claims against them should be dismissed based on the following: (1) Plaintiff's Amended Complaint fails to "set forth an Eighth Amendment claim" (Document No. 21, pp. 3 – 5.); and (2) Plaintiff's Amended Complaint fails to set forth an official capacity claim (Id., pp. 5 – 6.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on June 22, 2018, advising him of the right to file a response to Defendants Mutter and Shelton's Motion to Dismiss. (Document No. 24.)

On June 22, 2018, Defendants WVDOC Commissioner and Terry filed their Motion to Dismiss and Memorandum in Support. (Document Nos. 25 and 26.) In their Motion to Dismiss, Defendants WVDOC Commissioner and Terry argue that Plaintiff's claims against them should

be dismissed based on the following: (1) Defendants WVDOC Commissioner and Terry were State officials acting in their official capacities and are entitled to Eleventh Amendment immunity (Document No. 26, pp. 3 – 7.); (2) "Plaintiff has failed to state a claim which would overcome the privilege of qualified immunity and has failed to allege sufficient facts to state a claim for deliberate indifference under the Eighth Amendment" (Id., pp. 7 – 11.); and (3) Plaintiff has failed to exhaust his administrative remedies (Id., pp. 12 – 13.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on July 5, 2018, advising him of the right to file a response to Defendants WVDOC Commissioner and Terry's Motion to Dismiss. (Document No. 29.)

On July 16, 2018, Plaintiff filed his Response in Opposition to Defendant Morgan's Motion to Dismiss. (Document No. 30.) Defendant Morgan filed her Reply on July 23, 2018. (Document No. 33.) On July 23, 2018, Plaintiff filed his Response in Opposition to Defendants Mutter, Shelton, WVDOC Commissioner, and Terry's Motion to Dismiss. (Document No. 34.) Defendants Mutter, Shelton, WVDOC Commissioner, and Terry filed their Replies on July 30, 2018. (Document Nos. 37 and 38.)

## THE STANDARD

### Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where the well-pleaded facts do not permit

4

the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." Id. at 556 U.S. at 679, 129 S.Ct. at 1950. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807

F.3d 619 (4th Cir. 2015).

## ANALYSIS

1.     **Official-Capacity Claims:**

In his Motion to Dismiss, Defendant Mutter argues that he should be dismissed because only an official capacity claim has been asserted against him. (Document No. 21, p. 5.) Defendant Mutter contends that Plaintiff has only asserted an official capacity claim against him because Plaintiff fails to assert any allegation of personal action by Defendant Mutter. (Id.) Defendant Mutter notes that he was named as a defendant due to his status as "Acting Warden" and his official capacity as a successive administrator. (Id.) In their Motion to Dismiss, Defendants WVDOC Commissioner and Terry contend that they are entitled to dismissal to the extent they are being sued in their official capacity. (Document No. 26, pp. 3 – 7.) Specifically, Defendants WVDOC Commissioner and Terry argue that "State officials acting in their official capacities are not 'persons' within the meaning of 42 U.S.C § 1983 [and] Plaintiff's § 1983 claims against these Defendants in their official capacities should be dismissed with prejudice pursuant to the Eleventh Amendment of the United States Constitution." (Id., p. 7.)

In his Response in Opposition, Plaintiff does not specifically address Defendants Mutter, WVDOC Commissioner, or Terry's argument that Plaintiff's official capacities claims must be dismissed because Defendants are entitled to immunity pursuant to the Eleventh Amendment. (Document No. 34.) Instead, Plaintiff confirms that Defendant Mutter was named as a Defendant solely because he was the Acting Warden and Plaintiff was in his custody at the time of the filing of the Complaint. (Id., p. 2.) As to Defendant Terry, Plaintiff states that he was named as a Defendant "solely because he was the second person to answer the grievance filed" by Plaintiff. (Id., p. 1.) Concerning Defendant WVDOC Commissioner, Plaintiff states that she was named as

a Defendant solely because she never responded to Plaintiff's grievance. (<u>Id.</u>)

Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution.[1] <u>See</u> <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). The Eleventh Amendment protects states from being sued in federal court on the basis of state law. <u>See</u> <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 117, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); <u>Westinghouse Elec. Corp. v. West Virginia Dept. of Highways</u>, 845 F.2d 468, 470 (4th Cir.), <u>cert. denied</u>, 488 U.S. 855, 109 S.Ct. 143, 102 L.Ed.2d 116 (1988). The Eleventh Amendment immunity not only applies to states and state agencies, but extends to suits filed against state officials when "the relief sought and ordered has an impact directly on the State itself." <u>Pennhurst</u>, 465 U.S. at 117, 104 S.Ct. at 917. <u>See</u> <u>also</u>, <u>Cromer v. Brown</u>, 88 F.3d 1315, 1332 (4th Cir. 1996)("This immunity extends to 'arm[s] of the State,' (citations omitted) including state agencies and state officers acting in their official capacity. (citations omitted)). "Neither a state nor its officials acting in their official capacities are 'persons' under § 1983." <u>Will</u>, <u>supra</u>, 491 U.S. at 71, 109 S.Ct. at 2312. In <u>Will</u>, however, the Supreme Court held that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" <u>Id.</u>; <u>also see</u> <u>Frew v. Hawkins</u>, 540 U.S. 431, 437, 124 S.Ct. 899, 157 L.Ed.2d 855 (2004)("the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law"). A review of the record clearly reveals that Plaintiff's seeks monetary damages from Defendant Mutter based

---

[1] The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

solely on claims against Defendant Mutter in his official capacity. Thus, Plaintiff's claim against Defendant Mutter is barred by the Eleventh Amendment and should be dismissed. To the extent Plaintiff seeks monetary damages from Defendants WVDOC Commissioner and Terry in their official capacity, the undersigned finds that Plaintiff's claims are barred by the Eleventh Amendment and should be dismissed.[2] See Adams v. Ferguson, 884 F.3d 219 (4th Cir. 2018)("[T]he Eleventh Amendment does not bar an award of damages against an official in his personal capacity that can be executed only against the official's personal assets.")

**2.    Failure to Exhaust:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of

---

[2] The undersigned notes that Plaintiff does not seek injunction relief.

[3] 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). But the plain language of the statute requires that only "available" administrative remedies be exhausted. Id. at 1855("A prisoner need not exhaust remedies if they are not 'available.'") In Ross v. Blake, the Supreme Court set forth three scenarios where the administrative process is considered "unavailable": (1) The administrative process "operates as a simple dead end -- with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) The administrative process is so opaque that no ordinary prisoner can discern or navigate through the process; and (3) The "administrator thwart inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." Ross, 136 S.Ct. at 1859-60; also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

   If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted

claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by* Custis v. Davis, 851 F.3d 358 (4th Cir. 2017). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at

921(Failure to exhaust is an affirmative defense that a defendant must generally plead and prove); also see Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d. 358, 361 (4th Cir. 2017); also see Banks v. Marquez, 694 Fed. Appx. 159 (4th Cir. 2017)(finding no error in the district court's decision to sua sponte dismiss petitioner's petition where petitioner explicitly admitted in his petition that he failed to exhaust his administrative remedies).

The West Virginia Division of Corrections' Policy Directive 335.00 establishes procedures whereby state inmates may seek review of complaints which relate to any aspect of their imprisonment. Within 15 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must submit a G-1 Grievance Form to the Unit Manager. The Unit Manager must respond to the inmate's Grievance within five business days. If the Unit Manager's response is unfavorable, the inmate may appeal within five working days to the Warden/Administrator by filing a G-2 Grievance Form. The Warden/Administrator must respond to the appeal, in writing, within five working days. If the Warden/Administrator, in his/her discretion, determines that an investigation is warranted, a final response shall be made to the inmate within 30 working days. If the Warden/Administrator's response is unfavorable, the inmate may appeal within five working days to the Commissioner/designee of the Division of Corrections. The Commissioner must respond to the appeal within ten working days. The administrative

11

process is exhausted when the Commissioner responds to the inmate's final appeal. The entire process takes about 60 days to complete. If prison officials fail to timely answer the grievance, the inmate may treat the non-response as a denial and proceed to the next level of review.

Defendants WVDOC Commissioner and Terry have filed a Motion requesting dismissal of Plaintiff's Section 1983 claim based upon Plaintiff's failure to exhaust. (Document No. 26, pp. 12 – 13.) Defendants, however, have failed to provide the Court with any affidavits or documentation supporting their claim that Plaintiff failed to exhaust his administrative remedies. Defendants instead argue that Plaintiff's Amendment Complaint must be dismissed as a matter of law "because Plaintiff's Amended Complaint is devoid of sufficient factual allegations showing that the Plaintiff did in fact exhaust his administrative remedies prior to filing the subject action." (Id.) As stated above, the failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. There is no requirement that Plaintiff plead facts exhibiting that he fully exhausted his administrative remedies. In his Amended Complaint, Plaintiff alleges that he engaged in the administrative remedy process and "exhausted all remedies possible."[4] (Document No. 5, p. 2.) Therefore, the undersigned finds that it is not *apparent* from the face of the Amended Complaint that Plaintiff failed to exhaust his available administrative remedies. See Custis, 851 F.3d, 361-62(stating that it is a rare instance where failure to exhaust is apparent on the face of the complaint). In Custis, the Fourth Circuit noted that an inmate's statement that he attempted to exhaust "may equally imply that he attempted, but could not, exhaust his administrative remedies – and thus, that

---

[4] In his Response in Opposition, Plaintiff indicates that he filed his appeal to the Commissioner who "never responded" to his grievance. (Document No. 34.) Thus, Plaintiff appears to argue that he exhausted all his available administrative remedies.

he exhausted all remedies that were available to him." Id. Due to the limited record available to the Court, the undersigned finds it would be premature to dismiss Plaintiff's Amended Complaint for failure to exhaust. To the extent Defendants WVDOC and Terry request dismissal for failure to exhaust, the undersigned respectfully recommends that the District Court deny Defendants' Motion to Dismiss (Document No. 25).

**3.    Eighth Amendment:**

Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), *rev'd on other grounds*, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). See also Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(Supreme Court noted that Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'")(quoting Hudson v. Palmer, 468 U.S. 517, 526 - 27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)); Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). Sentenced prisoners are therefore constitutionally guaranteed adequate medical care under the Eighth Amendment.

To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege and prove (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99,

111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991). A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities.'" Id. at 298, 111 S.Ct. 2321 (citing Rhodes v. Chapman, 452 U.S. at 347, 101 S.Ct. 2392)."In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements – that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)(quotation omitted)). See also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In Strickler, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") A medical need serious enough to give rise to an Eighth Amendment claim involves a condition which places an inmate at substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment causes continuous severe pain. Id.; also see Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 *1st Cir. 1990)("A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."); Morales Feliciano v. Calderson Serra, 300 F.Supp.2d 321, 341 (D.P.R. 2004)("A constitutional violation is . . . established when government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medication attention, conditions which significantly affect an individual's daily life activities, or conditions which cause pain, discomfort, or a threat to good health.") The Fourth Circuit stated the applicable standard in Miltier v. Beorn, 896 F.2d 848, 851 - 852 (4th Cir. 1990),

14

as follows:

> To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. * * * Deliberate indifference may be demonstrated by either actual intent or reckless disregard. * * * A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. * * * Nevertheless, mere negligence or malpractice does not violate the eighth amendment. (Citations omitted)

Miltier v. Born, 896 F.2d 848, 851 - 52 (4th Cir. 1990)(*recognized in* Sharpe v. South Carolina

Dept. of Corr., 621 Fed.Appx. 732, 733 (4th Cir. 2015) *as overruled in part on other grounds by*

Farmer, 511 U.S. at 837, 114 S.Ct. 1970); See also Sosebee v. Murphy, 797 F.2d 179, 183 (4th Cir.

1986)(Facts indicating that guards were aware that inmate's condition had worsened and was life-

threatening and intentionally ignored the situation and refused to seek medical assistance provided

a reasonable basis for finding deliberate indifference to inmate's medical needs.); Loe v.

Armistead, 582 F.2d 1291 (4th Cir. 1978), cert. denied, 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d

281 (1980)(Pretrial detainee's allegations of delay in treatment of his broken arm indicated a

reasonable basis for inferring deliberate indifference to his serious medical needs.); Russell v.

Sheffer, 528 F.2d 318 (4th Cir. 1975)(Summary judgment for defendants affirmed where claim that

inmate received constitutionally inadequate medical treatment involved a question of medical

judgment not subject to judicial review.) Therefore, Plaintiff must first allege and eventually

establish a "sufficiently serious" deprivation of adequate medical care and resulting "serious or

significant physical or mental injury" in order to maintain and prevail upon his Eighth Amendment

claim. Second, to establish the subjective component of deliberate indifference, Plaintiff must

allege and prove each defendant's consciousness of the risk of harm to him. See Farmer, *supra*,

511 U.S. at 840, 114 S.Ct. at 1980. In particular, Plaintiff must establish that each Defendant

"knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware that he was receiving constitutionally inadequate medical care and disregarded the serious physical consequences.

Plaintiff generally alleges that Defendants acted with deliberate indifference in providing dental treatment. For purposes of an Eighth Amendment claim, a medical need is serious if it involves a condition which places an inmate at substantial risk of serious harm, a condition for which lack of treatment causes continuous severe pain or significantly affects an individual's daily life activities, or a condition diagnosed as mandating treatment or obviously requiring medical attention. Plaintiff alleges that his condition caused "unbearable" and continuous pain. (Document No. 2, p. 2.) Accordingly, the undersigned will assume for purposes of this motion that Plaintiff's dental condition was serious enough to give rise to an Eighth Amendment claim.

Next, the undersigned will consider whether Defendants acted with deliberate indifference to Plaintiff's health and safety under a subjective standard. To satisfy the subjective component, Plaintiff must allege each Defendant's consciousness of the risk of harm to him. See Farmer, supra, 511 U.S. at 840, 114 S.Ct. at 1980. Plaintiff contends that Defendants acted with deliberate indifference in failing to provide appropriate and timely dental treatment. The undersigned will consider alleges against each Defendant in turn.

**A. Defendant Morgan:**

In his initial Complaint and Amended Complaint,[5] Plaintiff alleges that he filed a grievance

_____

[5] By Order entered on May 1, 2018, the undersigned directed Plaintiff to file an Amended

in August 2017 complaining of the lack of appropriate dental care. Plaintiff states that Defendant Morgan responded to his grievance on August 7, 2017, stating as follows: "I have been in contact with a Dentist and he is calling back this week for availability, please follow up with Medical on complaints of pain." (Document No. 2, p. 1 and Document No. 5, p. 6.) Assuming the above alleged facts to be true, Plaintiff fails to set forth sufficient facts to establish that Defendant Morgan acted with deliberate indifference to Plaintiff's health and safety under a subjective standard. Specifically, the above alleged facts do not establish that Defendant Morgan knowingly disregarded Plaintiff's need for dental treatment. To the contrary, the above alleged facts indicate that Defendant Morgan promptly called the dentist to schedule an appointment after receiving Plaintiff's grievance. Defendant Morgan further instructed Plaintiff to seek treatment from the medical unit concerning his complaints of pain. Plaintiff's conclusory allegation that Defendant Morgan acted with deliberate indifference is insufficient. Viewing the factual allegations contained in Plaintiff's Complaint and Amended Complaint as true, Plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Based upon the foregoing the undersigned recommends that the District Court find that Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against Defendant Morgan and grant her Motion to Dismiss (Document No. 17).

**B.  Defendant Shelton:**

In his Amended Complaint,[6] Plaintiff names Defendant Shelton as a Defendant.

---

Complaint and notified Plaintiff that his Amended Complaint would supersede his original Complaint. (Document No. 4.) Despite the foregoing, the undersigned will consider allegations contained in both Plaintiff's initial Complaint and Amended Complaint in considering Defendants' Motions to Dismiss.

[6] Plaintiff failed to assert any allegations against Defendant Shelton in his initial Complaint. (Document No. 2.)

17

(Document No. 5.) Plaintiff alleges that Defendant Shelton "answered the first grievance that was filed at the beginning of 2017" and "stated that Plaintiff will see a dentist soon." (Id., p. 6.) Assuming the above alleged facts to be true, Plaintiff fails to set forth sufficient facts to establish that Defendant Shelton acted with deliberate indifference to Plaintiff's health and safety under a subjective standard. The above alleged facts do not establish that Defendant Shelton knowingly disregarded Plaintiff's need for dental treatment. Specifically, Plaintiff fails to allege enough facts to state a claim to relief that is plausible on its face. Plaintiff's conclusory claim that Defendant Shelton violated "his 8th Amendment [rights] by denying him proper dental treatment" is insufficient. Based upon the foregoing the undersigned recommends that the District Court find that Plaintiff has failed to state an Eighth Amendment deliberate indifference claim against Defendant Shelton and grant her Motion to Dismiss (Document No. 20).

### C. Defendants Shelton, WVDOC Commissioner, and Terry:

In his initial Complaint and Amended Complaint, Plaintiff alleges that he filed a grievance in August 2017 complaining of the lack of appropriate dental care. Plaintiff indicates that he was dissatisfied with Defendant Morgan's response to his grievance, so he proceeded to the second step of the grievance process by filing a grievance with Acting Warden Terry. (Document No. 2, pp. 1 – 2 and Document No. 5, p. 6.) Plaintiff states that Acting Warden Terry responded that "Your dental issues will be resolved in the near future." (Id.) Plaintiff states that he proceeded to the third step of grievance process by mailing his grievance to the WVDOC Commissioner. (Id.) Plaintiff alleges that he never received a response from the WVDOC Commissioner. (Id.)

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 556 U.S. at 676, 129 S.Ct. at 1948("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Also see Monell v. Department of Social Services of the City of NY, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Liability, however, may attach to a supervisory official if "conduct directly causing the deprivation was done to effectuate an official policy or custom for which [the official] could be liable." Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982), *abrogated on other grounds by* County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Further, supervisory officials may be liable for acts of their subordinates where "supervisory indifference or tacit authorization of subordinates' misconduct may be a causative fact in the constitutional injuries they inflict on those committed to their care." Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Thus, the inquiry for the Court is whether the Defendant individually "acted wantonly, obdurately, or with deliberate indifference to the pervasive risk of harm." Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991).

Assuming the above alleged facts to be true, Plaintiff fails to set forth sufficient facts to establish that Acting Warden Terry and the WVDOC Commissioner acted with deliberate indifference to Plaintiff's health and safety under a subjective standard. Essentially, Plaintiff appears to allege that Acting Warden Terry and the WVDOC Commissioner violated his constitutional rights with respect to the failure to supervise employees and in responding to his administrative remedy. The dismissal of a Bivens defendant is appropriate, however, where the defendant's sole involvement is the denial of an administrative remedy request. See Wood v. Moss, ____ U.S. at ____, 134 S.Ct. at 2056(quoting Iqbal, 556 U.S. at 683, 129 S.Ct. 1937)("[I]ndividual government officials 'cannot be held liable' in a *Bivens* suit 'unless they themselves acted [unconstitutionally].'"); Fellove v. Heady, 2008 WL 196420 *4 (N.D.W.Va. Jan. 22, 2008)(stating

19

that "to the extent that the plaintiff may be asserting that these defendants were deliberately indifferent to his needs by denying his administrative grievances, that claim is also without merit as this is not the type of personal involvement required to state *Bivens* claim"); Paige v. Kupec, 2003 WL 23274357 *1 (D.Md. March 31, 2003), aff'd, 70 Fed. Appx. 147 (4th Cir. 2003)(finding that the warden should be dismissed where the only claim against the warden concerned his dismissal of plaintiff's administrative remedy). Thus, the undersigned finds there are insufficient factual allegations to establish that Acting Warden Terry or the WVDOC Commissioner were personally involved in the denial of dental care or acted with deliberate indifference to a pervasive risk of harm to Plaintiff. Further, Plaintiff's Complaint and Amended Complaint are void of any allegation that Acting Warden Terry or the WVDOC Commissioner tacitly authorized staff's alleged denial of dental care or that the alleged denial of dental care was done to effectuate an official policy or custom.

<u>**PROPOSAL AND RECOMMENDATION**</u>

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant Morgan's Motion to Dismiss (Document No. 17), **GRANT** Defendant Mutter and Shelton's Motion to Dismiss (Document No. 20), **GRANT in part and DENY in part** Defendants WVDOC Commissioner and Terry's Motion to Dismiss (Document No. 25), and remove this matter from the Court's docket. Specifically, the undersigned recommends that Defendants WVDOC Commissioner and Terry's Motion to Dismiss (Document No. 25) be denied as to their argument that Plaintiff failed to exhaust his administrative remedies and granted as to their arguments that Plaintiff's claim was barred by the Eleventh Amendment and Plaintiff failed to state a constitutional claim.

20

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 15, 2018.

Omar J. Aboulhosn
United States Magistrate Judge

21